LEWARD COTTON MILLS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54046. Filed July 31, 1956.

*W. A. Kluttz, Esq.*, for the petitioner.
*L. P. Shields, Esq.*, for the respondent.

#### OPINION.

ATKINS, *Judge:* The respondent determined a deficiency of $14,193.35 in the petitioner's income tax liability for the taxable year ended August 31, 1950, resulting from the disallowance of a claimed interest deduction in the amount of $36,217.66.

The facts are stipulated and the stipulation is incorporated herein by reference.

The petitioner is a North Carolina corporation with its principal office in Worthville, North Carolina. Its income and excess profits tax return for the taxable year ended August 31, 1950, was timely filed with the collector of internal revenue for the district of North Carolina. The petitioner had in 1948 requested and been granted permission to change from a calendar year basis to the basis of a fiscal year beginning on September 1 and ending on the following August 31.

For the fiscal year ended August 31, 1950, the petitioner determined its income and expenses on an accrual method.

For some time prior to November 19, 1947, all of the petitioner's issued and outstanding capital stock, consisting of 4,400 shares of common stock with a par value of $25 per share, was held as follows:

| Name of stockholder | No. of shares |
|---|---|
| N. M. Harrison | 2,515 |
| O. R. Blalock | 1,759 |
| Nellie E. Blalock | 1 |
| Wachovia Bank & Trust Company of High Point, N. C., Trustee for the N. M. Harrison Foundation | 125 |

By a written agreement dated November 19, 1947, all such stock was sold by the above stockholders to R. S. Dickson & Company, Inc. Prior to the execution of this agreement the Dickson Company had no interest in, and exercised no control over, the affairs of the petitioner.

Under the terms of that agreement the selling price of each share of stock was to be determined by dividing the number of shares outstanding (4,400) into the net amount by which the value of certain assets shown on the petitioner's balance sheet as of September 30, 1947, plus the agreed value of certain other assets, exceeded "any and all liabilities of Leward Cotton Mills, Incorporated, including but not limited to liabilities shown on the books of said corporation, local, State and Federal taxes * * * whether accrued or not, up to the close of business on November 15, 1947."

That agreement further provided that in consideration of the purchase of and the payment for the stock, N. M. Harrison and O. R. Blalock thereby represented and guaranteed to the buyer that the petitioner's assets and liabilities were correctly stated on its balance sheet of September 30, 1947; that there were no liabilities of the petitioner which were not shown on such balance sheet or on the petitioner's books; and that Harrison and Blalock would fully indemnify and save harmless the petitioner and the buyer from any and all loss, liability, or damage whatsoever on account of any liability or obligation of the petitioner which was not shown on such balance sheet or

on the petitioner's books as of the close of business on November 15, 1947, including any and all Federal, State, and local taxes.

Such agreement further provided that the guaranty and indemnity provisions and all other obligations thereunder would be on the basis of 60 per cent to N. M. Harrison and 40 per cent to O. R. Blalock; that Harrison and Blalock would have the right at their own expense and in good faith to contest in the name of the petitioner any tax or other claim for which they would be obligated under the agreement; that Harrison and Blalock would have the right to prosecute at their own expense in the petitioner's name the pending claim of the petitioner for the refund of certain Federal taxes theretofore paid; and that any refund so recovered which was not reflected in or considered as an asset of the petitioner would be paid 60 per cent to Harrison and 40 per cent to Blalock.

During the early part of the calendar year of 1948 and for some time prior thereto, agents of the respondent had been engaged in an examination of the petitioner's income and excess profits tax returns for the calendar years 1942 through 1946 and, at some time prior to April 27, 1948, it became known that as a result of such examination additional taxes, additions to the tax, and interest for some or all of those years would be asserted against the petitioner by the respondent.

On April 27, 1948, Harrison and Blalock, at the direction of R. S. Dickson & Company, Inc., which was the then holder of all the stock of the petitioner corporation, and in accordance with the terms of the agreement, deposited with the then collector of internal revenue for the district of North Carolina certified checks in the total sum of $330,750, with the understanding that such checks would be deposited to the credit of the petitioner by the collector in a suspense account and would be applied to any taxes, additions to the tax, and interest thereafter determined to be due from the petitioner for the calendar years 1942 through 1946. The funds so deposited did not constitute a loan by Harrison and Blalock to the petitioner.

On September 29, 1949, net deficiencies in income and excess profits taxes, additions to the tax, and interest totaling $291,351.94 were assessed against the petitioner for the years 1942 through 1946 and notice and demand for such liabilities was made upon the petitioner by the respondent. This amount included interest in the sum of $34,136.05. The assessment was made in accordance with a waiver executed on behalf of the petitioner on September 13, 1949.

The deficiencies in income and excess profits taxes, additions to the tax, and interest due for the years 1942 through 1946 did not appear on the petitioner's balance sheet of September 30, 1947, and did not appear on its books as of the close of business on November 15, 1947.

On October 11, 1949, the then collector of internal revenue for

the district of North Carolina transferred a sufficient amount of the funds deposited in the suspense account to the assessment of the deficiencies in income and excess profits taxes, additions to the tax, and interest made against the petitioner to satisfy the assessment in full.

On June 5, 1948, Harrison and Blalock, at the direction of R. S. Dickson & Company, Inc., and in accordance with the terms of the written agreement, paid additional income taxes and penalties due to the State of North Carolina by the petitioner for the years 1942 through 1946, together with interest thereon in the amount of $2,967.35.

Under the waiver executed on behalf of the petitioner on September 13, 1949, overassessments in income tax for the years 1943 and 1944 were allowed the petitioner. In its income and excess profits tax return for the fiscal year ended August 31, 1950, the petitioner reported $885.74 in interest credited on the overassessments for 1943 and 1944 as income and claimed a deduction of $34,136.05 for the interest paid on its additional Federal income and excess profits taxes for the years 1942 through 1946 and a deduction of $2,967.35 for the interest paid on its additional State income taxes and penalties due for the years 1942 through 1946.

In determining the deficiency herein the respondent eliminated the interest of $885.74 reported as income by the petitioner, and disallowed the petitioner's claimed deduction of $37,103.40 for interest paid on its deficiencies in Federal and State taxes, thereby increasing the petitioner's taxable income for the year ended August 31, 1950, by the difference of $36,217.66.

The petitioner, in the taxable year ended August 31, 1950, placed entries upon its books reflecting a charge to earned surplus for the amount of the deficiencies in income and excess profits taxes and additions to the tax assessed for the years 1942 through 1946, and interest expense for the amount of the interest assessed with respect thereto, and credited capital surplus for the aggregate amount.

Section 23 (b) of the Internal Revenue Code of 1939 provides that in computing net income there shall be allowed as deductions:

INTEREST.—All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from the taxes imposed by this chapter.

Both parties seem to be agreed that since the petitioner was not a party to the agreement of sale there was no obligation on either Harrison or Blalock or the Dickson Company to pay the taxes and interest as such, but that the payment by Harrison and Blalock was an

adjustment of the purchase price of the stock under the stock sales agreement between them and the Dickson Company. We concur in that view.

The petitioner contends, however, that under the contract the Dickson Company could have required Harrison and Blalock to pay an amount equal to the liability to the Dickson Company, that it could have turned such amount over to the petitioner as a contribution of capital and that the petitioner could have then paid the liability, and argues that there was just as effectively a contribution to the petitioner's capital as if that had been the course pursued. It points out that it was the petitioner's liability, that it kept its books and made its returns on an accrual method of accounting, and contends that the liability accrued in the year in question.

The respondent contends that the petitioner's former stockholders, and not the petitioner, paid the interest which is claimed as a deduction, that no consideration passed from the petitioner to the former stockholders in return for the payment of the interest by them, that the petitioner suffered no economic loss or reduction in current or accumulated assets, and that under these circumstances the petitioner is not entitled to a deduction for the interest. The respondent further contends that since the interest on State taxes was paid on June 5, 1948, such interest, if deductible at all, is not deductible in the taxable year ended August 31, 1950.

We agree with the respondent. What actually happened was that in the year in question the liability of the petitioner was discharged, not by it, but by its former stockholders as a result of their obligation under the terms of their sale of stock. The effect on them was a reduction of the amount received by them from the sale of their stock. Taxwise, the payment should properly be reflected in a reduction of the selling price of the stock, resulting in a lesser tax liability to Harrison and Blalock upon the sale. We see no reason why such payment should also result in a benefit, taxwise, to the petitioner in the form of a deduction for interest paid or accrued, when in fact the petitioner did not bear the burden of the payment. The assets of the petitioner were not diminished to any extent. Furthermore, since the liability was discharged prior to the close of the taxable year, we think the petitioner would not have the right under the accrual method of accounting to reflect the interest item as an accrued liability.

The respondent relies heavily upon *Hanna Furnace Corporation* v. *Kavanagh* (E. D., Mich., 1950) (42 A. F. T. R. 1312; 50-2 U. S. T. C. par. 9443). The petitioner argues that that case is distinguishable, and that if it is not, it should not be followed. The taxpayer's argument in that case was substantially the same as that made by the petitioner in the instant case. While there are some factual dif-

ferences between that case and this, we think that the cases are basically alike and that the reasoning of the court is sound and applicable here. There, the M. A. Hanna Company and others arranged to form the National Steel Corporation, the M. A. Hanna Company agreeing to transfer to the new corporation all of the stock of its subsidiaries. Among the stocks transferred by the M. A. Hanna Company to National Steel was stock of Hanna Furnace Corporation in exchange for stock of National Steel. In the agreement with National Steel, the M. A. Hanna Company guaranteed that there would be no Federal tax liability of any of its subsidiaries except as shown on financial statements and that any additional tax liability, together with interest thereon, was assumed and was to be paid by the M. A. Hanna Company. It was also provided that any refund, together with interest thereon, was to be received by the M. A. Hanna Company. Thereafter Federal taxes were assessed, together with interest, against Hanna Furnace Corporation, which the M. A. Hanna Company paid. The taxpayer, Hanna Furnace Corporation, which reported its tax and maintained its books on an accrual method of accounting, claimed a deduction for the interest so paid on its tax liability. The court denied the deduction, stating in part as follows:

Plaintiff's position remained unchanged as a result of the payment of the tax liability and interest; it parted with no consideration in the discharge of this liability ; its assets and liabilities remained unchanged as guaranteed by The M. A. Hanna Company in its agreement with National Steel Corporation and The M. A. Hanna Company paid the liability as it agreed to do.

\* \* \* \* \* \* \*

The allowance of deductions from gross income does not turn on general equitable consideration, but is permitted only if the taxpayer seeking a deduction can point to an applicable statute allowing such deduction. The statute on which plaintiff relies in this case is Sec. 23 (b) of the Revenue Act of 1934 which allows a deduction from gross income of interest paid or accrued within the taxable year on indebtedness. Under the circumstances of this case it cannot be said that plaintiff paid or accrued interest of $134,067.11 on tax indebtedness during the taxable year 1935, and such deduction was, therefore, properly disallowed.

The court distinguished cases cited by the taxpayer by stating:

In each of these cases the facts were sufficiently favorable to the taxpayer to lend strong support to the ultimate determination that the payment of interest was, in fact, paid by the taxpayer who parted with some consideration warranting allowance of the deduction. Such elements are lacking in the instant case.

We also agree with the respondent that the deduction for interest on State obligations is precluded for an additional reason, namely, that it was paid in 1948, a prior year.

We hold that the respondent did not err in denying the interest deduction claimed.

*Decision will be entered for the respondent.*